UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Wroblewski<br><br>Plaintiff,<br><br>v.<br><br>First Financial Asset Management, Inc.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Steven Wroblewski, ("Steven"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. Defendant, First Financial Asset Management, Inc., ("FFAM"), is a Delaware Corporation, that maintained its principal place of business in Atlanta, Georgia, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's TCPA claims because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, FFAM collected consumer debts.

7. Before FFAM began contacting Steven, it and Steven had no prior business relationship and Steven had never provided express consent to FFAM to be contacted on his cellular telephone.

8. FFAM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of FFAM's revenue is debt collection.

10. FFAM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, FFAM contacted Steven to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Steven is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, FFAM willingly and knowingly used an automatic telephone dialing system to call Steven on his cellular phone multiple times in violation of the TCPA.

15. On July 30, 2013, FFAM contacted Steven on his cellular phone in connection with the collection of a debt.

16. During this communication, FFAM failed to identify itself as a debt collector attempting to collect a debt.

17. During this communication, Steven disputed the debt and FFAM refused to provide information on the debt.

18. Despite Steven disputing the debt, FFAM threatened Steven by telling him there was a report on file with the Sheriff and if Steven did not pay the debt today, Steven would be arrested and prosecuted to the fullest extent.

19. Steven has not been arrested.

20. FFAM never intended to have Steven arrested.

21. In response to FFAM's threat, Steven again requested validation of the debt.

22. In response to Steven's request, FFAM ended the call.

23. On July 31, 2013, FFAM contacted Steven again on his cellular phone in connection with the collection of a debt.

24. During this communication, Steven requested FFAM cease further calls to Steven.

25. Despite this request, FFAM contacted Steven on numerous occasions in connection with the collection of a debt.

26. FFAM caused Steven severe emotional distress.

27. FFAM attempted to collect a debt from Steven.

28. FFAM violated the FDCPA.

29. FFAM violated the TCPA.

### COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## COUNT SEVEN

### Violations of the Telephone Consumer Protection Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC LPA


                By:   /s/ Jeffrey S. Hyslip
                One of Plaintiff's Attorneys

Date: September 10, 2013

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com